UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Ernest CARDENAS, | Case No.: 17-cv-0490-L-AGS |
|---|---|
| Plaintiff, | **TENTATIVE ORDER ON DEFENDANT'S EX PARTE APPLICATIONS** |
| v. | |
| Sean STACKLEY, et al., | **(ECF Nos. 17, 18, & 23)** |
| Defendants. | |

To aid the parties' preparation for the April 24, 2018 hearing, the Court issues the following tentative rulings.

The Court concludes defendant Richard Spencer, Secretary of the Navy's ex parte applications are procedurally proper. Ex parte relief is a form of emergency relief, which requires the movant show "why the regular noticed motion procedures must be bypassed." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Courts generally require a "showing of good cause or irreparable injury to the party seeking relief." *Souphasith v. ITT Hartford Life & Annuity Ins. Co.*, 15-cv-1269-DAD-SKO, 2016 WL 4011510, at *4 (E.D. Cal. July 26, 2016) (citations omitted).

Two of defendant's applications address discovery issues: to strike plaintiff's experts and compel plaintiff's deposition. (*See* ECF Nos. 17 & 18.) There is good cause to bring these issues to the Court ex parte because the Scheduling Order's deadlines are fast approaching. (*See* Scheduling Order, ECF No. 16, at 2-3.) If defendant had pursued the regular noticed motion procedures, the Court would have resolved the motions after it

1

became impossible for defendant to comply with the Scheduling Order deadlines, and there is no guarantee the Court would grant defendant relief after the fact.

The final ex parte application is one for an "immediate protective order" because plaintiff's counsel allegedly had communications with parties represented by counsel. (ECF No. 23.) Here, there is good cause for requesting immediate relief because discovery is ongoing, depositions have not yet been conducted, and ill-gotten evidence or attempts to influence witnesses can seriously prejudice defendant in preparing for and presenting his case.

Accordingly, the Court will consider the merits of defendant's ex parte applications.

**1. Ex Parte Application to Strike Experts (ECF No. 17) – Granted**

Unless plaintiff can show his failure to timely provide expert reports—as required by the Scheduling Order (ECF No. 16, at 2 ¶5) and Federal Rule of Civil Procedure 26(a)(2)(B)—was substantially justified or harmless, he is precluded from using Dr. Stephanie Rizzardi or Dr. Lester Zackler as witnesses, or to supply their testimony, opinions, reports, or any other related information as evidence on any motion or at trial. Fed. R. Civ. P. 37(c)(1).

**2. Ex Parte Application to Compel (ECF No. 18) – Granted in Part and Denied in Part**

Defendant failed to meet and confer before bringing this motion and, therefore, is not eligible to recover sanctions under Federal Rule of Civil Procedure 37(d). In any event, both parties share some responsibility for failing to resolve their disputes about depositions. Thus, an award of sanctions would be unjust.

The parties are ordered to meet and confer and set mutually agreeable times for the depositions of Ernest Cardenas, Robert Bersamira, and Michelle Hoeschen. By April 30, 2018, the parties must file a joint stipulation setting forth the dates for these depositions. The parties must attach any deposition notices and requests for documents to the joint stipulation. Any failure to appear thereafter, without first seeking Court relief may be treated as contempt of Court order under Rule 37(b)(1).

2

17-cv-0490-L-AGS

**3. Ex Parte Application for Protective Order (ECF No. 23) – Continued**

The parties have alleged insufficient information for the Court to resolve whether plaintiff has engaged in improper communications with Navy employees who are "represented parties" as defined under California Rule of Professional Conduct 2-100. *See* Civ. LR 83.4(b). Accordingly, the Court orders plaintiff to file a declaration by May 4, 2018, listing: (a) the names of any current or former Naval personnel whom he has engaged in conversation; (b) when the communication occurred; (c) by what means they communicated; (d) a brief description of the substance of that communication, such that attorney-client privilege or work-product protection is not revealed; and (e) whether counsel first inquired if the individual was represented by counsel or gave them an opportunity to consult independent counsel before engaging in the communication. Defendant must file a supplemental brief, not to exceed five pages excluding exhibits, by May 11, 2018, that demonstrates on what basis each communication is improper. Plaintiff may file a response, not to exceed five pages excluding exhibits, by May 18, 2018.

Dated: April 23, 2018

Hon. Andrew G. Schopler
United States Magistrate Judge